T. L. White, F. Gannon, D. G. Donovan, Jas. E. White, M. F. Ryan, E. L. McMullen and Henry McKay, Trustees of St. Peter's Roman Catholic Church of McKeesport, *v.* Wm. H. Smith, Collector of Delinquent Taxes for the City of McKeesport, and the City of McKeesport, Appellants.

*Taxation—Public charity—Convent building.*

A convent, used as the residence for Sisters of Mercy who teach a parochial school, the title to which is in an individual, which is not permanently devoted to the purposes of public charity, and which is under the domination and control of a particular church, is not a public charity within the meaning of the constitution, so as to be exempt from taxation. The facts, that no tuition fee is charged, and that up to the present time all children, whether members of the church or not, are received and taught, in the parochial school, do not work a regular and permanent devotion of the convent building to a purely charitable purpose: Mullen v. Juenet, 6 Pa. Superior Ct. 1, followed.

Argued April 11, 1898. Appeal, No. 6, April T., 1898, by defendants, from decree of C. P. No. 1, Allegheny Co., Dec. T., 1893, No. 206, making perpetual a preliminary injunction re-

206 WHITE v. SMITH.

straining collection of taxes. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Reversed.

Bill to enjoin collection of taxes. Before C. P. No. 1, Allegheny county.

The facts sufficiently appear in the opinion of the court.

The court below entered the decree declaring the property in controversy exempt from taxation as being a purely public charity, and decreeing that the preliminary injunction theretofore issued be made final, and that defendants be perpetually restrained from collecting, or attempting to collect, any tax assessed, or that may hereafter be assessed, against the property of plaintiffs, described in the bill in this case, as long as the same is used for the purpose of a purely public charity, as is now done. Defendants appealed.

*Errors assigned* were (1) in finding as follows : "In the present case, the school having been founded and maintained, and still maintained by the voluntary contributions of the members of the congregation, and it being free to all, without regard to race, sex, color or religion, without pecuniary charges of any kind, and no revenue whatever being derived therefrom and being in relief of the public burdens, we hold that it is a purely public charity, and exempt from taxation under the Act of May 14, 1874, P. L. 158." (2) In finding as follows : As to the convent building: "This building, although called a convent, is, strictly speaking, not a convent, but a residence house for the teachers of the school, who are Sisters of Mercy. This house was built by voluntary contributions for the express purpose of a residence for the teachers, and is so used and occupied. It is close to the schoolhouse, is a part of the school property plant, and is necessary for the more efficient operation and management of the schools. We think it comes within the principle decided in County of Northampton v. Lafayette College, 128 Pa. 132, and is exempt from taxation under the act of May 14, 1874." (3) In the decree: "And now, March 30, 1897, this cause came on to be heard upon bill, answer, replication, testimony taken, and was argued by counsel, whereupon it is adjudged and decreed that, the property of St. Peter's Roman Catholic Church congregation of McKeesport, described

in the bill in this case, being a lot on Market street, with a frontage of 280 feet, extending back between Seventh and Eighth avenues to Blackberry alley, on which lot is erected a church, a free school and a residence for the school teachers, called a convent, is exempt from taxation as being a purely public charity. It is further ordered and decreed that the preliminary injunction, heretofore issued in this case, be made final, and that defendants be perpetually restrained from collecting or attempting to collect any tax assessed against the property of plaintiffs, described in the bill in this case, so long as the same is used for the purpose of a purely public charity, as is now done. Defendants to pay the cost in this case."

*T. C. Jones* and *E. P. Douglass*, for appellants.—This question has been determined in a number of cases, both in the Supreme Court of this state and in this court : Thiel College v. Mercer Co., 101 Pa. 530 ; Phila. v. Woman's Christian Assn., 125 Pa. 572.

This case was ruled by this court in the case of Mullen v. Juenet, 6 Pa. Superior Ct. 1.

*F. C. McGirr* of *Marron & McGirr*, for appellees.—In County of Northampton v. Lafayette College, 128 Pa. 132, it is held that buildings belonging to a college occupied by the teachers are exempt where the college is.

In the case of Episcopal Academy v. Philadelphia, 150 Pa. 565, a case very similar to the present one, the Supreme Court modified the absolute decree of the lower court by decreeing the school property exempt from taxation " so long as no income is derived from it . . . . other than that necessary to make the charity self-sustaining : " Orphan Asylum v. School District, 90 Pa. 21 ; Episcopal Academy v. Phila., 150 Pa. 565.

In many of the cases the property held to be exempt was not owned by a corporation, for instance, Burd Orphan Asylum v. School District, 90 Pa. 21.

A voluntary association of individuals, who have contributed funds for a purely public purpose, will be regarded as a charity as was ruled in Thomas v. Ellmaker, 1 Pars. 98, and in Humane Fire Co.'s Appeal, 88 Pa. 389.

A still more recent case than Philadelphia v. Masonic Home

is Missionary Society v. Receiver of Taxes, 173 Pa. 456, decided in 1896. This was a deaconesses' home under control of the Methodist Episcopal Church, the object of which was missionary work among the poor, and extending assistance and education to the poor irrespective of creed, color or sex.

OPINION BY BEAVER, J., July 29, 1898:

The taxes in this case were assessed upon a lot of ground in the city of McKeesport fronting seventy feet on Market street by one hundred and forty feet to Blackberry alley, on part of which ground a building known as a convent and used as a residence for the Sisters of Mercy who taught the parochial school, conducted by the plaintiffs or under their supervision, was erected. The entire lot fronts two hundred and eighty feet on Market street. Upon one corner of the lot is erected the church building, upon the other the school building and between them the teachers' residence or convent. As admitted in the plaintiffs' bill, no tax has ever been assessed against the church or the school. It appears in the testimony of the plaintiffs that the title to this property is in the bishop of the diocese. The pastor of the church, Father McDermitt, testifies, in answer to the question, " Do you know about how many children of other faith than the Roman Catholic attend that school?" "No, I do not; it varies. Sometimes they have quite a number and sometimes they have none at all; but, so far as we are concerned and as long as we have the room, they can come there, if they want to. There is no prohibition whatever."

We held in Mullen v. Juenet, 6 Pa. Superior Ct. 1, that "a school the title to which is in an individual, which is not permanently devoted to the purposes of public charity and which is under the domination and control of a particular church, is not a public charity within the meaning of the constitution, so as to be exempt from taxation, by virtue of the facts that no tuition fee is charged and that up to the present time all children, whether of members of the church or not, are received and taught."

Conceding, for the purposes of this case, that the so-called building designated in the bill as a convent is necessary as a residence for the teachers of the school in which they teach,

we cannot distinguish the case from that above referred to. There is no assessment upon the school property here but only upon the residence of the teachers. The latter secures exemption, if it be exempt, by reason of its being a part of and necessary to the former but, if the former be a proper subject of taxation, how can the latter be said to be exempt? It may well be doubted, even if the school building were exempt, whether, under the facts of this case, the convent building would be properly exempt under the provisions of the act of May 14, 1874.

None of the essential facts of the case differ from those in Mullen v. Juenet and it is only necessary for us to refer to that case, in which the principles and authorities governing the question are clearly stated by our Brother REEDER, to determine the proper disposition to be made of this case.

The prayer of the plaintiffs in their bill is " for a preliminary injunction, afterwards to be made final, restraining said defendants from attempting to collect said taxes against said convent and the lot seventy by one hundred and forty on Market street." The decree of the court is much more comprehensive than the prayer and is as follows : " And now, March 30, 1897, this cause came on to be heard upon bill, answer, replication, testimony taken and was argued by counsel. Whereupon it is adjudged and decreed that the property of St. Peter's Roman Catholic Church Congregation of McKeesport, described in the bill in this case, being a lot on Market street with a frontage of two hundred and eighty feet, extending back between 7th and 8th avenues to Blackberry alley, on which lot is erected a church, a free school and a residence for the school teachers called a convent, is exempt from taxation as being a purely public charity. It is further ordered and decreed that the preliminary injunction heretofore issued in this case be made final and that defendants be perpetually restrained from collecting or attempting to collect any tax assessed or that may hereafter be assessed against the property of plaintiffs described in the bill in this case, so long as the same is used for the purpose of a purely public charity as is now done."

Inasmuch as no taxes were assessed upon the lands covered by the church and school buildings, it is difficult to see why they were embraced in the decree. So far as the decree covers

VOL. VIII—14

these lands and the tenements thereon erected, it was unnecessary and of no practical effect. So far, however, as the said decree relates to the lot upon which the taxes were assessed, to wit: a lot seventy feet on Market street by one hundred and forty feet to Blackberry alley, upon part of which ground the convent building or residence for teachers referred to has been erected and against which the taxes referred to in the plaintiffs' bill have been assessed, the decree, for the reasons given in and upon the authority of Mullen v. Juenet, supra, must be reversed.

The assignments of error are sustained, the decree reversed and the plaintiffs' bill dismissed at their cost.

PORTER, J., concurring:

I concur in the judgment of the court only on the ground that the proofs do not show that the real estate sought to be exempted is charged with any permanent public charitable use.